IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

    Vs.                                No.  04-40056-02-SAC

KEVIN L. McCOLLEY,

           Defendant.

MEMORANDUM AND ORDER

       After being the passenger in a vehicle in which forty packages of cocaine were found during a traffic stop, the defendant Kevin McColley was charged in a three-count drug trafficking indictment arising out of traffic stop and pleaded guilty to count one--conspiracy to distribute in excess of 40 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841, and 841(b)(1)(A).  The presentence report ("PSR") recommends a Guideline sentencing range of 135 to 168 months from a criminal history category of one and a total offense level of 33 based on the following calculations:  a base offense level of 36 pursuant to U.S.S.G. § 2D1.1(c)(2) (100 kilograms of cocaine based on two 50 kilogram trips), a two-level firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) (pistol found in co-defendant's purse), a two-level "safety valve" reduction pursuant to U.S.S.G. §

5C1.2, a three-level acceptance of responsibility adjustment enhancement pursuant to U.S.S.G. § 3E1.1.  The addendum to the PSR reflects the defendant has four unresolved objections to which the government submitted no written response. The defendant has filed two sentencing memoranda in support of his objections, and the government has filed no response.

Defendant's First Objection:  The defendant objects that the PSR's description of the offense fails to include his recitation of facts.

Ruling:  Because the defendant does not dispute the accuracy of the facts stated in the PSR, the court need not rule on this objection.  For those matters appearing in the defendant's recitation for which he has offered evidence, the court will consider them as relevant in ruling on the defendant's other objections. All other recitations for which no evidence has been offered, the court has treated them as mere allegations, but the court shall reconsider any rulings in light of any evidence subsequently offered at the sentencing hearing.

Defendant's Second Objection:  The defendant objects that PSR fails to make a mitigating role adjustment.  The defendant relies on his co-defendant's affidavit dated June 5, 2004, which states:  "I Patty Byrns state the fact that my nephew, Kevin McColley is innocent to all charges relating to the Kansas arrest."  The defendant also attaches a letter from a woman named Joy Randolph in which she

2

recounts her plans to accompany Patty Byrns on this trip and her subsequent decision to stay home to help her daughter.  As set out in the PSR, Ms. Byrns in her post-arrest interview admitted to making at least five trips as a courier.  She described her role as limited to picking up a vehicle in California from a particular person, driving it to an assigned location in the eastern United States, contacting the same person who had supplied the car when she reached the destination, and waiting until another person would arrive, take the vehicle, and return later with the vehicle.  She was paid $5,000 for each trip.  In his post-arrest interview, as recounted in the factual basis set out in the plea agreement, the defendant McColley admitted to making "one similar trip" with his aunt and to receiving $500 for each trip.  The defendant also denied "specific knowledge that he was transporting forty kilograms of cocaine" but admitted the suspicious circumstances of the trips caused him to believe they were transporting illegal substances.  The defendant refers to other facts in his sentencing memorandum, but there is no evidence before the court to sustain them.

Ruling:  The mitigating role adjustment in U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2, comment. (n.3(A)).  The determination whether a defendant is entitled to

such a reduction is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(C)). A role reduction is not earned simply because a defendant is "the least culpable among several participants in a jointly undertaken criminal enterprise." *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir. 1994) (citing *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir. 1991)). In evaluating culpability, a court compares the "defendant's conduct with that of others in the same enterprise, but also with the conduct of an average participant in that type of crime." *United States v. Caruth*, 930 F.2d at 815. To weigh relative culpability, "evidence must exist of other participants and their role in the criminal activity." *United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994) (internal quotation marks omitted). In short, a role reduction is appropriate only when the defendant is "substantially less culpable" than an average participant and not required just because multiple participants with differing levels of culpability are involved. The defendant has the burden of proving her minor participation. *United States v. Harfst*, 168 F.3d 398, 401-02 (10th Cir. 1999).

A minimal role adjustment is limited to those defendants "who are plainly among the least culpable of those involved in the conduct of the group." U.S.S.G. § 3B1.2 comment. (n. 4). Indicative of a minimal role is a defendant's "lack of knowledge or understanding of the scope and structure of the enterprise

4

and of the activities of others." U.S.S.G. § 3B1.2, comment. (n.4). The commentary also suggests that this downward adjustment should be used infrequently. *Id*. Drug couriers are not necessarily minimal participants in drug transactions. *See, e.g., United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994); *see also United States v. Ballard*, 16 F.3d 1110, 1115 (10th Cir.) (noting that a courier's transportation of drugs is "as indispensable to the completion of the criminal activity as those of the seller . . . and the buyer . . . ." (internal quotation marks and citation omitted)), *cert. denied*, 512 U.S. 1244 (1994).

The court finds that the defendant has carried his burden of proving he is entitled to an intermediate role reduction of three levels but has not proved facts justifying a minimal role reduction. His ignorance of the kind and amount of drugs being transported, his lack of knowledge about the scope and structure of the conspiracy, his limited and infrequent involvement and his modest compensation for accompanying his aunt are factors consistent with an intermediate role reduction. There is no evidence that the defendant organized the transportation, exercised any decision-making authority with regards to the drug trafficking scheme, communicated with other co-conspirators in furtherance of the conspirator except for his aunt, or directly handled or controlled any proceeds from the drug trafficking. His apparent knowledge of conspiracy was even less than typically

5

expected of a mere courier.  Because the defendant's criminal history shows he was generally knowledgeable of drug trafficking activities and because he chose to accompany his aunt on more than one trip and, according to his aunt, met the co-conspirator who directed their involvement, the court finds the defendant is not entitled to a minimal role reduction.  The court sustains the defendant's objection in part.

Defendant's Third Objection:  The defendant objects to the quantity of cocaine attributed to him in ¶ 13 for a prior trip arguing that a finding on the amount and kind of drugs is "pure speculation."  (Dk. 71, p. 8).  The defendant offers that law enforcement stopped them during that trip, and drug-detection dogs were used but no drugs were found.  The defendant says he has no knowledge of what illegal item, if anything, was in the vehicle on the prior trip.

Ruling:  "When a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence."  *United States v. Shinault*, 147 F.3d 1266, 1278 (10th Cir.) (citing *United States v. Easterling*, 921 F.2d 1073, 1078 (10th Cir. 1990), *cert. denied*, 500 U.S. 937 (1991)), *cert. denied*, 525 U.S. 988 (1998).  Under § 2D1.1, "[t]he Government has the burden of proving the quantity of drugs by a preponderance of the evidence" *United States v. Gigley*, 213 F.3d 509, 518 (10th Cir. 2000), and the

"evidence relied upon must possess a minimum indicia of reliability," *United States*

*v. Cruz Camacho*, 137 F.3d 1220, 1225 (10th Cir. 1998).  The Sentencing

Guidelines "permit a court to consider all 'relevant conduct' when determining the

base offense level for someone convicted of an offense."  *United States v. Asch*,

207 F.3d 1238, 1243 (10th Cir. 2000) (citations omitted).

As part of the plea agreement, the defendant admitted in his factual

basis to having made a similar prior trip with his aunt and receiving $500 for making

it.  The evidence concerning the conspiracy is limited to what the defendant's aunt

has provided, and this evidence does not offer any details about the kind or

quantity of drugs typically transported.  Without knowing more about the

conspiracy, the court does not consider common couriers and compensation to be

enough reliable evidence from which to infer the same kind and quantity of drugs

involved in a prior trip.  The court sustains the defendant's objection.

Defendant's Fourth Objection:  The defendant objects to the two-level weapon

enhancement imposed for his aunt's possession of a pistol that she carried in her

purse.  The defendant denies any prior knowledge of the pistol being in her purse

and challenges as not reasonably foreseeable that his aunt would be carrying a

pistol.  The defendant disputes any claim that the weapon was possessed in

furtherance of any criminal activity, as his aunt had lawfully purchased and

registered the pistol. The defendant contends it is just as likely his aunt carried the

weapon for her own personal protection in light of her size and age.

Ruling: Section 2D1.1(b)(1) provides: "If a dangerous weapon was

possessed (including a firearm), increase by 2 levels." The application notes

explain that "[t]he adjustment should be applied if the weapon was present, unless it

is clearly improbable that the weapon was connected with the offense." U.S.S.G. §

2D1.1, comment. (n. 3). The government bears the initial burden of proving

possession by a preponderance of the evidence. *United States v. Smith*, 131 F.3d

1392, 1400 (10th Cir. 1997), *cert. denied*, 522 U.S. 1141 (1998). This burden may

be satisfied by showing that there is a temporal and spatial relationship between the

weapon, the drug trafficking activity, and the defendant. *United States v. Pompey*,

264 F.3d 1176, 1180 (10th Cir. 2001), *cert. denied*, 534 U.S. 1117 (2002). In a

conspiracy case, the Government is not required to prove that the defendant

personally possessed the firearm. *United States v. Smith*, 131 F.3d at 1400. A

sentencing court may "attribute to a defendant weapons possessed by his

codefendants if the possession of weapons was known to the defendant or

reasonably foreseeable by him." *United States v. McFarlane*, 933 F.2d 898, 899

(10th Cir. 1991). "Once the government establishes that the gun was possessed in

proximity to the drugs or transaction, the burden shifts to the defendant to show it

8

is clearly improbable that the weapon was related to the offense." *United States v. Flores*, 149 F.3d 1272, 1280 (10th Cir. 1998) (internal quotation omitted), *cert. denied*, 525 U.S. 1092 (1999).

The facts appearing in the PSR do not sustain a weapon enhancement. The court is unable to infer that the defendant knew his aunt was carrying a pistol in her purse or that his aunt's possession of the pistol was reasonably foreseeable to him. There is no evidence that the defendant ever saw or handled the weapon or was in a position to have seen the weapon. The PSR offers no facts showing the defendant or his aunt were more involved in the conspiracy than just driving the vehicle. There is no basis for the court to infer that they witnessed the loading or unloading of controlled substance or that they had any part in the negotiations. There is nothing to indicate that the defendant would have believed their limited involvement in the drug trafficking conspiracy necessarily carried any more risk to their personal safety than a lawful cross-country trip. Under these circumstances, the court is unable to infer that the aunt's possession of a firearm was reasonably foreseeable to the defendant.

Sentencing Guidelines Calculations

The rulings above results in the following changes to the Guidelines calculations appearing in the PSR. The base offense level is reduced from 36 to 30

9

pursuant to U.S.S.G. § 2D1.1(a)(3) in light of the lower drug quantity and the mitigating role reduction.  The firearm enhancement is no longer applied, and the base offense level is reduced by two levels for safety valve, three levels for mitigating role, and three levels for acceptance of responsibility.  The result is a base offense level of 22 and a criminal history category of one for a sentencing range of 41 to 51 months.

Application of 18 U.S.C. §  3553(a)

After *United States v. Booker*, 125 S. Ct. 738, 767 (2005), sentencing courts no longer mandatorily apply the Guidelines but rather consult them and "take them into account" along with the other factors set forth in 18 U.S.C. § 3553(a) when sentencing.  Put another way, sentencing courts are to consult the Guidelines in fashioning sentences, but they are not required to sentence within the Guidelines range.  *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir.) (en banc), *cert. denied*, 126 S. Ct. 495 (2005).  A sentencing court now determines first the appropriate sentencing range under the Guidelines and makes the factual findings necessary to that determination.  *United States v. Serrata*, 425 F.3d 886, 920 (10th Cir. 2005).  This sentencing range and the other factors described in 18 U.S.C. § 3553(a) are considered in imposing the sentence.  If the sentence is outside the range under the Guidelines, the court should explain its reasons for the departure,

as required by 18 U.S.C. § 3553(c)(2).  *See United States v. Serrata*, 425 F.3d at

920.  In short, sentencing "courts are still required to consider Guideline ranges,

which are determined through application of the preponderance standard, just as

they were before. The only difference is that the court has latitude, subject to

reasonableness review, to depart from the resulting Guideline range."  *United States*

*v. Magallanez*, 408 F.3d 672, 685 (10th Cir.) (citations omitted), *cert. denied*, 126

S. Ct. 468 (2005).

 A sentencing court must consider the following factors under §

3553(a):  the nature and circumstances of the offense; the history and

characteristics of the defendant; the need for the sentence imposed to reflect the

seriousness of the offense, provide just punishment, afford adequate deterrence,

protect the public, and provide the defendant with needed correctional treatment;

the sentencing range established under the applicable Sentencing Guidelines; the

pertinent policy statements; the need to avoid unjustified sentence disparities among

defendants with similar criminal histories and found guilty of similar conduct; and

the need to provide restitution.  *See United States v. Contreras-Martinez*, 409 F.3d

1236, 1242 n.3 (10th Cir. 2005).  To the extent there is tension or incongruity

among the statutes and guidelines about these sentencing factors and their

consideration, the significance of it after *Booker* "diminishes as sentencing judges

11

are encouraged to exercise their discretion." *United States v. Serrata*, 425 F.3d at 919.

The court has considered specifically each of the factors based on the facts appearing in the PSR and the arguments addressed in the defendant's sentencing memoranda. The court understands that the government may be filing a motion with a recommendation that could affect the sentence and evaluation of these factors. The court reserves its discussion of these factors until after the government has favored the court with any such motion.

IT IS THEREFORE ORDERED that the defendant's objections to the PSR are granted in part and denied in part.

Dated this 21st day of February, 2006, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge